IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED VAN LINES, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. H – 04 – 260 |
| | § | |
| STEVEN MARKS and JOANMARIE MARKS, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND ORDER**

Pending before the Court are two Motions to Dismiss (Doc. #27 and Doc. #31) filed by Third-Party Defendant Import-Export International, Inc. ("IEI").[1] The Motions seek to dismiss the third-party complaint brought by Defendants Steven and Joanmarie Marks ("the Marks"), and the cross claim filed by Plaintiff United Van Lines, LLC ("United"), for lack of personal jurisdiction, improper venue, and forum non conveniens.

**I.     BACKGROUND**

This case arises from alleged damage to the Marks' household goods that occurred during transport from Mexico to Texas. In August 2002, the Marks hired IEI to pack and store their personal property and household goods for their move from Mexico to Texas. IEI began packing the Marks' goods at the end of August, but packing was halted when the Marks informed IEI that they would not be moving as planned because the sale of their house had fallen through. IEI stored the already-packed goods at their warehouse.

---

[1] IEI has also been referred to as AAA Logistics in the pleadings.

Approximately eight months later, the Marks contacted IEI and said they were ready to move their goods to Texas. IEI could not handle the job at that time, so Richard Mikhail, an IEI agent, informed the Marks that he could arrange for somebody to complete the job. He gave them some options of carriers, but recommended United. The Marks agreed and Mikhail contacted a local agent of United, Sullivan Moving & Storage ("Sullivan"), to make the arrangements.

Sullivan packed the remainder of the goods at the Marks' home in Mexico, and IEI transported the goods to the IEI warehouse in Tijuana, Mexico. IEI then transported the goods from their warehouse in Mexico, across the border to their warehouse in San Diego, California. Thereafter, Sullivan moved the goods from the IEI warehouse in San Diego and placed them in local storage in Sullivan's warehouse.[2] Sullivan then transported the shipment from San Diego, California, to Spring, Texas.

Upon arrival in Spring, the Marks' house was not ready. The goods were placed into storage-in-transit with Suddath Relocation Services Systems of Houston, Inc. ("Suddath"), which is a destination agent of United. Mikhail arranged for payment of the goods while in storage. The goods remained in storage with Suddath for approximately one month. Suddath then delivered the goods to the Marks' residence in Spring, Texas. The Marks allege that, upon receiving their goods, many boxes were missing and several items were damaged. The Marks filed suit in state court against Suddath Relocation Systems, Inc.[3] United immediately thereafter

---

[2] In subsequent filings relating to motions not addressed by this Memorandum and Order, United clarifies its position that although Sullivan is an agent of United, Sullivan did not act as United's agent when it moved the Marks' goods from Mexico to California. This contention does not affect the Court's analysis of the present Motions to Dismiss.

[3] There is some confusion concerning whether the storage-in-transit warehouse facility was operated by Suddath Relocation Systems, Inc. or Suddath Relocation Systems of Houston, Inc. The distinction is not important, as whichever Suddath stored the goods, it operated as an agent of United.

filed suit against the Marks in federal court, seeking a declaratory judgment to determine the rights and liabilities of the two parties under an interstate bill of lading.

While United's case was pending in federal court, the Marks' state court case was removed to federal court. Suddath filed a motion for summary judgment, alternatively a motion to consolidate the case with the present action. Judge Lake granted the motion for summary judgment and denied as moot the motion to consolidate. Judge Lake dismissed with prejudice the Marks' action against Suddath because there was no evidence that Suddath "would be liable independently of its role as an agent of United."[4]

After the Marks' action against Suddath was dismissed, the Marks, in the present action, filed a third-party complaint against IEI, and a counterclaim against United, for damage to their personal property during transit from Mexico to Texas. United then filed a cross claim against Third-Party Defendant IEI, seeking a declaratory judgment concerning the rights and liabilities of United, the Marks, and IEI under the interstate bill of lading between United and the Marks. IEI filed the present Motions, seeking to dismiss the Marks' third-party complaint and United's cross claim for lack of personal jurisdiction, improper venue, and forum non conveniens.[5]

## II.   PERSONAL JURISDICTION

The Court has subject matter jurisdiction over all claims in this action pursuant to the Carmack Amendment, 49 U.S.C. § 14706. *See* 28 U.S.C. §§ 1331 and 1337(a).[6] The Carmack Amendment is silent as to service of process, so the Court's personal jurisdiction is coterminous with that of a Texas court of general jurisdiction. *See* Fed. R. Civ. P. 4(k)(1)(A); *Submersible Systems, Inc. v. Perforadora Central, S.A. de C.V.*, 249 F.3d 413, 418 (5th Cir. 2001). The Court

---

[4] Civil Action No. H-04-0689: Memorandum and Order, signed by Judge Lake on May 18, 2004, at p.13.
[5] The two Motions are identical and will be evaluated together.
[6] The Court also has subject matter jurisdiction over all claims on the basis of diversity jurisdiction because there is complete diversity and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332.

must conduct a two-step inquiry to determine whether it has personal jurisdiction over a nonresident defendant.[7]  First, the exercise of jurisdiction must be proper under the Texas Long Arm Statute.  *See Submersible*, 249 F.3d at 418.  If the Texas Long Arm Statute allows the Court to exercise personal jurisdiction, then the Court must consider whether exercising jurisdiction comports with constitutional due process.  *See id*.

Because the Texas Long Arm Statute is coextensive with the limitations of due process, questions of personal jurisdiction in Texas are analyzed entirely within the framework of due process.  *Religious Tech. Ctr. v. Liebreich*, 339 F.3d 369, 373 (5th Cir. 2003).  *See also* Tex. Civ. Prac. & Rem. Code § 17.041 et. seq. (Vernon 2004).  Due process:

> permits the exercise of personal jurisdiction over a nonresident defendant when (1) that defendant has purposefully availed himself of the benefits and protections of the forum state by establishing "minimum contacts" with the forum state; and (2) the exercise of jurisdiction over that defendant does not offend "traditional notions of fair play and substantial justice."

*Mink v. AAAA Dev. LLC*, 190 F.3d 333, 336 (5th Cir. 1999) (quoting *International Shoe Co. v. State of Washington*, 326 U.S. 310, 316 (1945)).

The minimum contacts requirement can be met through contacts sufficient to confer either general or specific jurisdiction.  *Cent. Freight Lines, Inc. v. APA Transp. Corp.*, 322 F.3d 376, 381 (5th Cir. 2003).  General jurisdiction can be exercised when a defendant's contacts with the forum state are substantial, continuous, and systematic, though unrelated to the litigation.  *Id*.  Specific jurisdiction exists "[w]hen a nonresident defendant has purposefully directed its activities at the forum state and the litigation results from alleged injuries that arise out of or relate to those activities."  *Id*. (quotations omitted).

---

[7] A federal district court sitting in diversity conducts the same two-step inquiry to determine whether it has personal jurisdiction over a nonresident defendant.  *See Religious Tech. Ctr. v. Liebreich*, 339 F.3d 369, 373 (5th Cir. 2003).

IEI challenges the Court's exercise of jurisdiction over it on the claim asserted by the Marks and the claim asserted by United. United Van Lines and the Marks argue that the Court has specific jurisdiction over IEI. If United Van Lines and the Marks establish minimum contacts between IEI and Texas, then IEI has the burden of proving that assertion of jurisdiction is unfair and unreasonable. *See id*. at 384. In determining whether the exercise of jurisdiction is unfair and unreasonable, the Court may evaluate factors such as: the burden on IEI of litigating in Texas; the interest of Texas in adjudicating the dispute; United's and the Marks' interest in obtaining convenient and effective relief; and the judicial system's interest in obtaining the most efficient resolution of controversies. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477 (1985).

### A.     Minimum Contacts

United Van Lines and the Marks have made a prima facie showing of specific jurisdiction over IEI. IEI purposefully directed its activities at Texas when it contracted with the Marks to transport their personal goods from Mexico to Texas. The bill of lading, prepared by IEI, specifically identifies that the Marks' personal goods would be shipped from San Antonio Del Mar, Mexico, to Spring, Texas. The bill of lading even reflects an additional transportation cost to Texas of $3,970. Although IEI did not physically transport the goods from California to Texas, it arranged for the transport of the goods to Texas; Robert Mikhail, IEI's agent, contracted with United to complete the interstate transport of the Marks' goods from California to Texas; and Mikhail also contracted for the storage-in-transit of the Marks' goods in Texas.

This case arises from alleged damage to the Marks' personal goods, which occurred sometime after the goods left the Marks' former residence in Mexico, and before they arrived at the Marks' current residence in Texas. Because IEI directed its activity at Texas by contracting

5

to transport goods to Texas, and the litigation results from alleged damage that occurred during the transport of those goods, the minimum contacts prong is satisfied.

### B. Fair Play and Substantial Justice

IEI argues that the exercise of jurisdiction does not comport with fair play and substantial justice because IEI's actions were limited to transport of the goods between Mexico and California; therefore, any of its acts or omissions would have occurred in California or Mexico. IEI asserts that all of the physical evidence and IEI's witnesses are located in California, and it would be financially burdensome to force it to litigate in Texas.

The Court finds and holds that its exercise of personal jurisdiction over IEI does not offend traditional notions of "fair play" and "substantial justice." The Court has a strong interest in adjudicating this case. The Marks reside in Texas, the items at issue are all situated in Texas (contrary to IEI's assertion that all the physical evidence is located in California), and the alleged damage occurred at least in part in Texas. This case has been pending for more than one year; granting IEI's Motion to Dismiss would result in unnecessary duplication of efforts in another court and would be a waste of judicial resources. Furthermore, IEI has not shown that it would be prohibitively burdensome to litigate this case in Texas.

### III. VENUE

IEI also moves this Court to dismiss or transfer the case for improper venue. The parties disagree over whether venue is governed by the general principles found in 28 U.S.C. § 1391, or by the more specific provisions of 49 U.S.C. § 14706. The Court need not determine whether venue is proper under either statute because the motion to dismiss/transfer due to improper venue was filed by a third-party defendant. *See Gundle Lining Constr. Corp. v. Adams County Asphalt,*

6

85 F.3d 201, 209-10 (5th Cir. 1996). The Fifth Circuit has held that under these circumstances, statutory venue limitations do not apply:

> Statutory venue limitations have no application to [Federal] Rule [of Civil Procedure] 14 claims even if they would require the third-party action to be heard in another district had it been brought as an independent action. The third-party defendant is protected against an inconvenient forum . . . by the requirement that the court have personal jurisdiction over him and the court's ability to take account of venue considerations when exercising its discretion to decide whether to disallow impleader or to sever the third-party claim.

*Id*. (citations and quotations omitted) (citing Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d § 1445). *See also Southern Milling Co. v. United States*, 270 F.2d 80, 84 (5th Cir. 1959) (dictum) ("In the absence of a showing of substantial inconvenience to a third-party defendant, leave to file a third-party complaint should not be denied on the ground of venue.").

Following this logic, this Court is a proper venue for the Marks' third-party claim against IEI. Because venue is proper for the Marks' claim against IEI, venue is therefore also proper for United's cross claim against IEI because "there is no added inconvenience in requiring [IEI] to defend an additional claim in the same forum, especially one that arises from the same transaction." Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d § 1445, at p.353 ("[V]enue over a claim by plaintiff against the third-party defendant should be held to be ancillary if the court has subject-matter and personal jurisdiction over it.").

### IV.　FORUM NON CONVENIENS

Finally, IEI moves for dismissal on the basis of forum non conveniens. Forum non conveniens is an ancient doctrine with "only a limited continuing vitality in federal courts." Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction 2d § 3828, at p.278. "It is only when the more convenient forum is in a foreign country – or perhaps, under rare

circumstances, in a state court or a territorial court – that a suit brought in a proper federal venue can be dismissed on grounds of forum non conveniens." *Id*. at 279-80.

IEI bears the burden of persuasion in moving the Court to dismiss the action in favor of a foreign forum. *See In re Air Crash Disaster near New Orleans*, 821 F.2d 1147, 1164 (5th Cir. 1987). Four considerations guide the Court's decision on a motion to dismiss for forum non conveniens. The first two are whether there is an alternative forum that is both available and adequate. *Gonzalez v. Chrysler Corp.*, 301 F.3d 377, 379-80 (5th Cir. 2002). This means that the alternative forum must have jurisdiction over the entire case and all parties, and that "the parties will not be deprived of all remedies or treated unfairly, even though they may not enjoy the same benefits as they might receive in an American court." *Id*. (quoting *In re Air Crash*, 821 F.2d at 1165). If the Court finds that the alternative forum is available and adequate, then it weighs private and public interest factors to determine whether dismissal is appropriate. *Id*.

IEI has not shown that an alternative forum is available and adequate. In fact, IEI has not even requested an alternative forum. IEI simply reiterates its arguments used to attack personal jurisdiction and venue in requesting that the case not be litigated in Texas. Presumably, IEI would want this case litigated in Mexico because IEI is a cross-border transport company operating on the California border with Mexico. However, IEI has not met its burden of showing that a Mexican court is an available and adequate forum.

V.     **CONCLUSION**

For the foregoing reasons, IEI's Motions to Dismiss for Lack of Personal Jurisdiction, Improper Venue, and Forum Non Conveniens (Doc. #27 and Doc. #31) are **DENIED**.

IT IS SO ORDERED.

SIGNED this 18th day of April, 2005.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

**TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS ORDER SHALL FORWARD A COPY OF IT TO EVERY OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH THEY MAY HAVE BEEN SENT ONE BY THE COURT.**